## Clinkett v Yiyun Hu

2024 NY Slip Op 34489(U)

December 24, 2024

Supreme Court, Kings County

Docket Number: Index No. 514556/2021

Judge: Ingrid Joseph

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Part 83 of the Supreme Court of the State of New York held in and for the County of Kings at 360 Adams Street, Brooklyn, New York, on the _14th_ day of _December_ 202 4 .

PRESENT: HON. INGRID JOSEPH, J.S.C.
SUPREME COURT OF THE STATE OF
NEW YORK COUNTY OF KINGS

-------------------------------------------------------------------X

JOAN CLINKETT,

                            Plaintiff(s)

              -against-

YIYUN HU,

                         Defendant(s)

-------------------------------------------------------------------X

**Index No**: 514556/2021
**Motion Seq.** 2-3

**ORDER**

NYSCEF Nos.:

The following e-filed papers read herein:
Notice of Motion//Affidavits Annexed
Exhibits Annexed/Reply...........
Affirmation in Opposition/Affidavits Annexed/Exhibits Annexed............

In this action, Yiyun Hu ("Defendant") moves (Motion Seq. 2) for summary judgment pursuant to CPLR 3212, dismissing the case, on the ground that Joan Clinkett ("Plaintiff") has failed to satisfy the threshold requirement of Insurance Law 5102(d) or in the alternative to dismiss any sub-portions of Insurance Law 2105(d) which are not viable as a matter of law. Plaintiff has opposed the motion. Additionally, Plaintiff cross-moves (Motion Seq. 3) for summary judgment. Defendant has opposed the motion.

In this action, Plaintiff seeks to recover damages for injuries sustained as a result of an alleged motor vehicle collision that occurred in November of 2020. Plaintiff alleges that while she was lawfully within a marked crosswalk, at or near the intersection of Cozine Avenue and Van Siclean Avenue in Brooklyn, New York, that she was struck by a motor vehicle owned and operated by the Defendant. Plaintiff asserts that as a result of the alleged collision, she sustained serious injuries to her head, spinal column, and left knee. Additionally, Plaintiff claims that disabling injury for a period in excess of 90 out of the first 180 days following the accident, significant limitation of use of a bodily function or system, significant disfigurement, and a permanent consequential limitation of use of a bodily organ and/or member.

In support of her motion, Defendant argues that Plaintiff has failed to make a prima facie showing that she suffered a serious injury as defined pursuant to Insurance Law. Defendant argues that Plaintiff's alleged injuries are not supported by medical evidence, have completely resolved, and/or are pre-existing, degenerative in nature and/or are not causally related to a significant limitation of motion or residual disability as a result of the subject collision and thus do not support a viable cause of action. Defendant submits Independent Medical Examination ("IME") reports of Plaintiff which were performed by Dr. Pierce Ferriter ("Ferriter"), a board certified orthopedic surgeon and Dr. Daniel Feuer, a board certified neurologist. Defendant contends that in Ferriter's examination report, he opined that objective testing were

1

[* 1]

normal and that Plaintiff has fully recovered. Additionally, Ferriter also reviewed intraoperative surgical photos of Plaintiff's left knee and opined that the photos reveal degenerative and nontraumatic pathology, therefore Plaintiff's surgery was not causally related to the allege motor vehicle collision. Furthermore, Feuer opined that Plaintiff's neurological examination was within normal limits with neither a disability nor any permanency. Defendant also submits radiological reports, which were reviewed by Dr. Melissa Sapan Cohn ("Cohn"), a board certified radiologist. In her reports, Cohn examined 9 post-incident films and found the presence of severe degenerative osteoarthritis of the left knee and multilevel degenerative change/arthritis of the spinal column. Defendant contends that the submitted medical evidence demonstrates that the Plaintiff's injuries are insignificant within the meaning of Insurance Law and that there is no objective or credible evidence that Plaintiff sustained any causally related permanent loss of use, permanent consequential limitation, or significant limitation of use to a body function or system. With respect to Plaintiff's 90/180 claim, Defendant argues that Plaintiff did not suffer from medically determined injuries or impairments of a non-permanent nature that substantially curtailed her usual and customary activities for 90 days during the first 180 days following the incident. Defendant cites to Plaintiff's Bill of Particulars which states that Plaintiff was confined to bed for only approximately 7 weeks following the incident. Defendant also cites Plaintiff's EBT testimony wherein Plaintiff testified that she was confined to her bed and home "for a couple of weeks," post-accident.[1]

In opposition, Plaintiff argues that there are triable issues of fact warranting denial of Defendant's motion. Plaintiff asserts that her submitted medical records demonstrate objective, quantitative evidence with respect to her orthopedic exams and diminished range of motion and states that her treating physicians affirmed that her injuries were not degenerative in nature. Additionally, Plaintiff contends that as a result of the accident, her usual activities were affected for 90 of the first 180 days following the accident, and that she still experiences negative effects of her injuries including reduced working hours and being deemed 75%-99% disabled. Plaintiff also contends that her treating physicians instructed her not to go back to work due to disability. Plaintiff submits in part her own affidavit and EBT testimony, medical records, a disability letter from Dr. Sangavaram ("Sangavaram"), and affirmations of Dr. Abhishek Kumar ("Kumar"), Dr. Isaac Kreizman ("Kreizman"), and Lana Dashevsky ("Dashevsky").

It is well established that "the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Ayotte v. Gervasio,* 81 NY2d 1062, 1063 [1993], *citing Alvarez v. Prospect Hospital,* 68 NY2d 320, 324 [1986]; *Zapata v. Buitriago,* 107 AD3d 977 [2d Dept 2013]). Once a prima facie demonstration has been made, the burden shifts to the party opposing the motion to produce

---

[1] (Plaintiff Dep. Pg. 92).

[* 2]

evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial of the action. (*Zuckerman v. City of New York*, 49 NY2d 557 [1980]).

Summary judgment is a drastic remedy which should not be granted where there is any doubt as to the existence of a triable issue or where the issue is even arguable (*Elzer v. Nassau County*, 111 A.D.2d 212, [2d Dept. 1985]; *Steven v. Parker*, 99 AD2d 649, [2d Dept. 1984]; *Galeta v. New York News, Inc.*, 95 AD2d 325, [1st Dept. 1983]). When deciding a summary judgment motion, the Court must construe facts in the light most favorable to the non-moving party (*Marine Midland Bank N.A. v. Dino & Artie's Automatic Transmission Co.*, 168 AD2d 610 [2d Dept. 1990]; *Rebecchi v. Whitemore*, 172 AD2d 600 [2d Dept. 1991]).

The issue of whether a claimed injury falls within the statutory definition of "serious injury" can be a question of law for the Court which may be decided on a motion for summary judgment (*Licari v Elliot*, 57 NY2d 230 [1982]). As such, inherent in the court's consideration of a motion for summary judgment for lack of serious injury is the requisite determination that there are no issues of fact with regard to the injuries sustained by a plaintiff. The failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [2016]). Once the movant has made such a showing that a party has or has not suffered a serious injury as a matter of law, the burden shifts to the opposing party to submit evidence in admissible form sufficient to create a material issue of fact warranting a trial (*Franchini v Palmieri*, 1 NY3d 536 [2003]; *Grasso v Angerami*, 79 NY2d 813 [1991]).

A plaintiff claiming permanent loss of use of a body organ, member, function or system must demonstrate that the permanent loss of use is a total loss of use (*Oberly v Bangs Ambulance, Inc.*, 96 NY2d 295 [2001]). In *Toure v. Avis Rent–a–Car Systems, Inc.*, 98 NY2d (2002), the Court of Appeals stated that resolving the question of whether plaintiff suffered a "serious injury" involves a comparative analysis of the quantified degree and duration of an alleged injury, or its qualitative impact and duration in the claimant's normal activities. This analysis requires admissible proof of injury based on objective medical testing, which establishes a causal relation between the accident and the injury alleged, as well as between the injury and the claimed limitation and impairment. In order to prove the extent or degree of physical limitation, an expert's designation of a numeric percentage of a plaintiff's loss of range of motion can be used to substantiate a claim of serious injury (*Toure v Avis Rent A Car Sys., Inc.*, 98 NY2d 345, 350 [2002]; *Dufel v Green*, 84 NY2d 705 [1995]; *Lemieux v Horn*, 209 AD3d 1100 [3d Dept. 2022]). An expert's qualitative assessment of a plaintiff's condition also may suffice, provided that the evaluation has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system (*Id.*; *Black v Robinson*, 305 AD2d 438 [2d Dept. 2003]; *Junco v Ranzi*, 288 AD2d 440 [2d Dept. 2001]; *Papadonikolakis v First Fid. Leasing Group*, 273 AD2d 299 [2d Dept. 2001]). Establishing a lack of limitations normally would enable a defendant to successfully

[* 3]

establish that the permanent consequential limitation of use of a body organ or member or significant limitation of use of a body function or system have not been satisfied by Plaintiff (*Toure* at 350; *Franchini* at 536).

To establish that the plaintiff has suffered a permanent or consequential limitation of use of a body organ or member and/or a significant limitation of use of a body function or system, the plaintiff must demonstrate more than a mild, minor or slight limitation of use and is required to provide objective medical evidence of the extent or degree of limitation and its duration (*Burnett v. Miller,* 255 A.D.2d 541 [2d Dept. 1998]; *Booker v. Miller,* 258 AD2d 783 [3d Dept. 1999]; *Jones v Marshall,* 147 AD3d 1279 [3d Dept 2017]).

With respect to the 90/180-day category, a "serious injury" is defined as a plaintiff's inability to perform substantially all of the material acts which constitute his or her usual and customary activities for not less than 90 of the 180 days immediately following the date of the accident (Insurance Law 5102[d]). A claim under the 90/180-day category by its terms does not have a durational element beyond the 180–day period set forth by the statute, making a plaintiff's current condition irrelevant as to whether he or she was unable to carry out her normal and customary activities during the statutory period (see Insurance Law 5102; *Peplowv Murat,* 304 AD2d 633 [2d Dept. 2003]). To prevail under this category, a plaintiff must demonstrate through competent, objective proof, a medically determined injury or impairment of a nonpermanent nature which would have caused limitations on the plaintiff's daily activities (*Ryan v Xuda,* 243 AD2d 457 [2d Dept. 1997]; *Olivare v Tomlin,* 187 AD3d 642 [1st Dept. 2020]; *Fernandez v Fernandez,* 151 AD3d 581 [1st Dept. 2017]). This limitation must be to a great extent rather than some slight curtailment (*Licari v Elliot,* 57 NY2d 230 [1982]). Additionally, a gap or cessation of treatment is immaterial as to whether the plaintiff sustained a medically determined injury or impairment of a nonpermanent nature which prevents him or her from performing substantially all the material acts which constitute his or her usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment (Insurance Law 5102 [d]). Plaintiff, however, must offer some reasonable explanation for the gap in treatment or cessation of treatment (*Pommells v Perez,* 4 NY3d 566 [2005]; *Neugebauer v Gill,* 19 AD3d 567 [2d Dept. 2005]).

Here, the court finds that Plaintiff has raised a triable issue of fact as to whether she has suffered a permanent or significant limitation. While Defendants submit in part reports from examining doctors to argue that Plaintiff's injuries have completely resolved, and/or are pre-existing, degenerative in nature and/or are unrelated to the subject accident, in opposition, Plaintiff submits medical reports which conclude that Plaintiff's injuries are casually related to the accident, not degenerative, and permanent in nature. Upon review of the records, Plaintiff has sufficiently submitted physician affirmations stating that based upon a reasonable degree of medical certainty that Plaintiff's injuries and limitations are permanent in nature and

[* 4]

state in addition an opinion as to how Plaintiff's alleged injuries affects her daily and customary activities and that the alleged injuries are causally related to the subject accident. Additionally, the physician opinions are supported by the doctor's own examination of the patient and the report references objective diagnostic tests that were conducted (see *Addison v NYC Trans. Auth.*, 208 AD2d 368 [1st Dept. 1994]).

With respect to the claim under the 90/180 category, the court finds that there is a triable issue of fact as to whether Plaintiff was unable to perform substantially all of the material acts which constitute his or her usual and customary activities for not less than 90 of the 180 days immediately following the date of the accident. While Defendants cite Plaintiff's EBT testimony wherein she testified that she was confined to her bed and home "for a couple of weeks," post-accident, Plaintiff, in opposition has submitted physician reports expressing an opinion concerning the alleged disabling effect of Plaintiff's condition during the 180 days immediately following the accident. Additionally, upon review of the submitted records, Plaintiff's affidavit and EBT testimony does not suggest that plaintiff has returned to work following the accident.

Accordingly, it is hereby,

ORDERED, that Defendant's motion for summary judgment on the issue of serious injury as defined by Insurance Law 5102(d) is denied; and it is further,

ORDERED, that Defendant's motion for summary judgment on the issue of whether Plaintiff sustained an injury which resulted in her being unable to perform her usual and customary activities during 90 of the first 180 days following the accident is denied. For the aforementioned reasons, Plaintiff's motion (Motion Seq. 3) is also denied for triable issues of fact.

This constitutes the decision and order of the court.

_____
Hon. Ingrid Joseph J.S.C.

**Hon. Ingrid Joseph
Supreme Court Justice**